NO. 30112

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

Electronically Filed
Intermediate Court of Appeals
30112
29-SEP-2010
08:36 AM

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANE ALAN LIM, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 05-1-1037)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Dane Alan Lim (Lim) appeals from his conviction for Promoting Prison Contraband in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 710-1022(1)(b) (1993), entered on October 7, 2009, by the Circuit Court of the First Circuit (circuit court).[1]

On appeal, Lim argues that the circuit court abused its discretion in denying two pre-sentencing motions to withdraw his no-contest plea.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lim's point of error as follows:

A defendant does not have an absolute right to withdraw a plea, but rather has the burden of establishing "plausible and legitimate grounds" for withdrawal. State v. Merino, 81 Hawai'i 198, 223, 915 P.2d 672, 697 (1996) (quoting State v. Costa, 64 Haw. 564, 565, 644 P.2d 1329, 1331 (1982) (internal quotation marks omitted)).  Where a motion to withdraw a plea is made prior to sentencing, the motion should be granted if the defendant presents "a fair and just reason for his request and the [prosecution] has not relied upon the . . . plea to its substantial prejudice."  Id. (quoting State v. Jim, 58 Haw. 574,

_____

[1]  The Honorable Karen S.S. Ahn presided.

575-76, 574 P.2d 521, 522-23 (1978)) (alteration in original). There are "two fundamental bases" for demonstrating that fair and just reasons exist to withdraw the plea: "(1) the defendant did not knowingly, intelligently or voluntarily waive his or her rights; or (2) changed circumstances or new information justify withdrawal of the plea." State v. Gomes, 79 Hawai'i 32, 37, 897 P.2d 959, 964 (1995). Lim argues that both bases existed here. We disagree.

The circuit court sufficiently apprised Lim of his rights as required by Hawai'i Rules of Penal Procedure (HRPP) Rule 11(c). Although Lim asserts that he "had already been promised probation," the record indicates otherwise. At most, the record indicates that Judge Karl Sakamoto, the judge previously assigned to hear this case, told Lim's attorney that he was "inclined" to grant probation, not the maximum ten years incarceration, which Lim ultimately received. Assuming that the judge had indicated such "inclination," it was not a promise or a guarantee.

Lim's argument that Judge Ahn "induced" him into making his plea is also unpersuasive. Judge Ahn repeatedly stated that she could not assure Lim that Judge Sakamoto would give him probation if Lim returned to him for sentencing, yet Lim still stated that he wanted to plead no contest. The fact that Judge Sakamoto refused Lim's request to hear him for sentencing does not render Lim's plea involuntary.

The fact that Lim located a fellow inmate, whom he had previously identified as a witness on his behalf, did not constitute a "changed circumstance" sufficient to justify the withdrawal of his plea. The circuit court was not clearly erroneous in finding that Lim's testimony regarding the witness's prior unavailability was not credible and that the witness's unavailability was not a factor in Lim's decision to enter his plea. Unlike in Gomes, Lim did not present any direct statement or evidence from the witness as to his testimony and the circuit court was correct that there was no factual support for Lim's

2

claim of new information or changed circumstance. See Gomes, 79 Hawai'i at 38-39, 897 P.2d at 965-66. Additionally, the witness's proffered testimony could not be considered "new information" as it is consistent with Lim's argument in a September 29, 2005 motion to suppress evidence, which named that witness. As in State v. Jim, "[t]he trial court did not believe the defendant and found his reasons for withdrawal to be without sufficient merit." 58 Haw. at 578, 574 P.2d at 524.

Because Lim did not establish that his plea was not knowingly, intelligently, or voluntarily given or that new information or changed circumstances warranted a withdrawal of his plea, we need not decide whether there was "undue delay" in requesting the withdrawal or whether the State would have been prejudiced if the motions had been granted. See Merino, 81 Hawai'i at 223, 915 P.2d 672 at 697. The court acted within its discretion in denying Lim's motions to withdraw the plea.

Therefore, the Judgment of Conviction and Sentence entered on October 7, 2009, in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 29, 2010.

On the briefs:

Jeffrey A. Hawk,
(Hawk Sing Ignacio & Waters),
for Defendant-Appellant.

Presiding Judge

James M. Anderson,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

3